# UNITED STATES DISTRICT COURT

District of New Jersey

<div style="float:left">
Chambers of
**William H. Walls**
Senior District Judge

———

(973) 645-2564
(973) 645-3436 Fax
</div>

<div style="float:right">
Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102
</div>

NOT FOR PUBLICATION

LETTER ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

April 1, 2009

**Appearances:**

David A. Bocian
Office of the US Attorney
402 East State Street
Suite 430
Trenton , NJ 08608

Jelani Kamau Abdus-Shakur (Pro Se)
# 22598-050
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

Re:   United States v. Abdus Shakur; Crim. No. 99-291 (WHW)
      Defendant Pellot's Motion for Return of Personal Property

Dear Litigants:

Defendant moves for return of his property pursuant to Rule 41(g).  The motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

On August 2, 2000 defendant Jelani Kamau Abdus-Shakur (formerly and then known as Chance Venable) was found guilty of one count of Possession of a Firearm by a Convicted Felon. This Court sentenced defendant to a term of 110 months. Mr. Abdus-Shakur has moved pro se under Fed. R. Crim P. 41(g) for the return of certain money confiscated and used in the trial against him. Mr. Abdus-Shakur's motion was served on the Assistant United States Attorney office at 970 Broad Street Newark, New Jersey by First Class Mail on February 28, 2004.[1] (See Def.'s Mot. 1.) The government has not filed timely opposition to such motion. See L.Civ.R. 7.1(d)(2).

**LEGAL STANDARD**

Fed. R. Crim. P. Rule 41(g) provides:

a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[2]

Property seized by the government as part of a criminal investigation "must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." United States v. Albinson, 356 F.3d 278, 280 (3d. Cir. 2004) (citing United States v. Chambers,

---

[1] A notation appears on the face of defendant's motion reading "Original (+) 2 copies sent to Judge Walls on 3-4-04." (See Def.'s Mot. 1.) The docket bears no record of any correspondence on that date.

[2] Fed. R. Crim. P. 41 was amended in 2002. Fed. R. Crim. P. 41(g) was formerly known as Fed. R. Crim. P. 41(e). See Albinson, 356 F.3d at 279 n. 1.

192 F.3d 374, 376 (3d Cir. 1999)). "[A]t the conclusion of a criminal proceeding, the evidentiary burden for a Rule 41(g) motion shifts to the government to demonstrate it has a legitimate reason to retain the seized property." Albinson, 356 F.3d at 280 (citing Chambers, 192 F.3d at 377).

**DISCUSSION**

The burden is on the government to produce evidence that there is "a legitimate reason" to retain Mr. Abdus-Shakur's property. See Albinson, 356 F.3d at 280. There is no evidence that Mr. Abdus-Shakur's property, $800.00 (eight hundred dollars) confiscated from Mr. Abdus-Shakur's apartment, constitutes contraband or is subject to forfeiture. The government has not opposed this motion. Because the government has failed to produce any such evidence, Mr. Abdus-Shakur's property must be returned.

**CONCLUSION**

For the foregoing reasons, it is on this 1st day of April, 2009,

ORDERED that $800.00 (eight hundred dollars and zero cents) be transferred to defendant's current federal facility inmate account.

<div style="text-align: right;">
s/William H. Walls  
United States Senior District Judge
</div>